PSS:JN
F. #2012R01615

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ NOV 05 2013 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

MICHAEL SLATTERY, JR.,

          Defendant.

INFORMATION

Cr. No. _____
(T. 16, U.S.C., §§ 1540(e)(4) and 3374(a);
T. 18, U.S.C., §§ 371 and 3551 et seq.; T.
21, U.S.C. § 853(p); T. 28, U.S.C. §
2461(c))

- - - - - - - - - - - - - - -X

THE UNITED STATES CHARGES:

## INTRODUCTION

At all times relevant to this Information, unless otherwise indicated:

1.    The Endangered Species Act ("ESA"), Title 16, United States Code, Sections 1531 et seq., was enacted to provide a program for the conservation of endangered and threatened species. The ESA makes it a crime to knowingly sell and offer to sell endangered species of fish and wildlife in interstate and foreign commerce, as set forth in Title 16, United States Code, Sections 1538(a)(1)(F) and 1540(b)(1). Under the ESA, the term "endangered species" includes "any species which is in danger of extinction throughout all or a significant portion of its range." Title 16, United States Code, Section 1532(6). All species determined to be endangered under the ESA are listed in Title 50, Code of Federal Regulations, Section 17.11. Black rhinoceros, *Diceros bicornis*, is listed as an endangered species pursuant to the ESA. "Fish and wildlife" is defined to include any part or product or dead body or parts of any

member of the animal kingdom. Title 16, United States Code, Section 1532(8). Thus, under the ESA it is unlawful to knowingly and without authorization sell or offer to sell in interstate or foreign commerce horn from black rhinoceros.

2. The Lacey Act Amendments of 1981, Title 16, United States Code, Section 3371 et seq. ("the Lacey Act"), make it a crime for a person to knowingly engage in conduct that involves the sale or purchase of, the offer of sale or purchase of, or the intent to sell or purchase fish and wildlife with a market value in excess of $350, by transporting, selling, receiving, acquiring or purchasing the wildlife, or attempting to do so, knowing that the wildlife was taken, possessed, transported, or sold in violation of, or in a manner unlawful under, any wildlife-related federal law, treaty or regulation. Title 16, United States Code, Sections 3372(a)(1) and 3373(d)(1)(b). "Fish and wildlife" is defined to include any wild animal whether alive or dead and any part or product thereof. Title 16, United States Code, Section 3371(a).

3. The Lacey Act also makes it a crime for a person to, *inter alia*, knowingly make or submit a false record, account or identification of wildlife with a market value in excess of $350 that has been or is intended to be transported, sold, purchased or received from any foreign country, or transported in interstate or foreign commerce, if the violation involves the sale or purchase, offer of sale or purchase, or commission of an act with intent to sell or purchase fish or wildlife. Title 16, United States Code, Sections 3372(d)(2) and 3373(d)(3)(A)(ii).

4. The rhinoceros is a species of prehistoric origin. Rhinoceros are herbivores whose only known predators are human beings. A major threat to the survival of

the rhinoceros is illegal hunting resulting from the international demand for rhinoceros horn, which is prized in some cultures for its alleged medicinal value or for its use as carved art objects.

5. The defendant MICHAEL SLATTERY, JR. is a citizen of Ireland, who, along with others, traveled within the United States to purchase rhinoceros horns, which he then resold to private individuals.

## CONSPIRACY TO COMMIT WILDLIFE TRAFFICKING

6. The allegations contained in paragraphs 1 through 5 are realleged and incorporated as if fully set forth in this paragraph.

7. In or about and between May 2010 and April 2011, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant MICHAEL SLATTERY, JR, together with others, did knowingly and intentionally conspire to:

    a. Sell and offer to sell in interstate and foreign commerce an endangered species of wildlife, to wit: endangered black rhinoceros horns, in violation of Title 16, United States Code, Sections 1538(a)(1)(F) and 1540(b)(1);

    b. Transport and sell wildlife with a market value over $350, to wit: endangered black rhinoceros horns, knowing that such wildlife was sold and transported in violation of federal law, in violation of Title 16, United States Code, Sections 3372(a)(1) and 3373(d)(1)(B); and

    c. Make, in relation to a sale or offer to sell, a false record, account and false identification of wildlife worth in excess of $350, which wildlife has been and is intended to be transported in interstate and foreign commerce, in violation of Title 16, United States Code, Sections 3372(d)(2) and 3373(d)(3)(A)(ii).

8. In furtherance of the conspiracy and to effect its objects, within the Eastern District of New York and elsewhere, the defendant MICHAEL SLATTERY, JR., along with others, committed and caused to be committed, among others, the following:

### OVERT ACTS

a. In or about and between May and June 2010, SLATTERY, along with others, purchased a black rhinoceros mount, bearing two horns, in Joshua, Texas.

b. On or about September 20, 2010, SLATTERY, along with others, traveled from London, England to Houston, Texas.

c. On or about September 21, 2010, SLATTERY received approximately $5,423 in cash, deposited into a Bank of America savings account in his name ("Slattery account").

d. On or about September 21, 2010, SLATTERY, along with others, attempted to purchase a black rhinoceros mount, bearing two horns, from an auction house in Austin, Texas (the "Texas Auction House").

e. On or about September 23, 2010, SLATTERY received approximately $8,000, deposited into the Slattery account.

f. On or about September 23, 2010, SLATTERY, along with others, brought Individual #1, whose identity is known to the United States, to the Texas Auction House to purchase a black rhinoceros mount for approximately $18,000 cash, which SLATTERY, along with others, provided.

g.  Individual #1 provided SLATTERY, along with others, an Endangered Species Bill of Sale, dated September 23, 2010, which Individual #1 obtained from the Texas Auction House, stating that Individual #1 was the buyer of a black rhinoceros mount.

h.  On or about November 16, 2010, in Flushing, New York, SLATTERY, along with others, sold four black rhinoceros horns to Individual #2, whose identity is known to the United States, for $50,000. SLATTERY, along with others, provided Individual #2 with a false and fictitious Endangered Species Bill of Sale, dated August 14, 2010, for two black rhinoceros mounts (four horns).

i.  On or about November 16, 2010, SLATTERY received a cashier's check from Individual #2 in the amount of $12,500.

(Title 18, United States Code, Sections 371 and 3551 et seq.)

CRIMINAL FORFEITURE ALLEGATION

9.  The United States hereby gives notice to the defendant MICHAEL SLATTERY, JR. that, upon his conviction of the offense charged in this Information, the government will seek forfeiture in accordance with Title 28, United States Code, Section 2461(c) and: (a) Title 16, United States Code, Sections 1540(e)(4)(A) and 3374(a)(1), which require forfeiture of all wildlife imported, exported, transported, sold, received, acquired, or purchased in violation of Title 16, United States Code, Sections 1538 and 3372; (b) Title 16, United States Code, Section 3374(a)(2), which requires forfeiture of all vessels, vehicles, aircraft, and other equipment used to aid in the importing, exporting, transporting, selling, receiving, acquiring, or purchasing of wildlife in violation of Title 16, United States Code, Section 3372; and (c) Title 16, United States Code, Section 1540(e)(4)(B), which requires

forfeiture of all guns, traps, nets, and other equipment, vessels, vehicles, aircraft, and other means of transportation used to aid the taking, possessing, selling, purchasing, offering for sale or purchase, transporting, delivering, receiving, carrying, shipping, exporting, or importing of any wildlife in violation of Title 16, United States Code, Section 1538.

10. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

      a. cannot be located upon the exercise of due diligence;

      b. has been transferred or sold to, or deposited with, a third party;

      c. has been placed beyond the jurisdiction of the court;

      d. has been substantially diminished in value; or

      e. has been comingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other

property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 16, United States Code, Sections 1540(e)(4) and 3374(a); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

By:

LORETTA E. LYNCH
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

ROBERT G. DREHER
ACTING ASST. ATTORNEY GENERAL
ENVIRONMENT AND NATURAL
RESOURCES DIVISION

Gary Donner / J.N.
Gary N. Donner
TRIAL ATTORNEY
ENVIRONMENTAL CRIMES
SECTION

F. #2012R01615

FORM DBD-34
JUN. 85

No. _____

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

*MICHAEL SLATTERY, JR.,*

Defendant.

# INFORMATION

(T. 16, U.S.C., §§1540(e)(4) and 3374(a); T. 18, U.S.C., §§ 371 and 3551 et seq.; T. 21, U.S.C., § 853(p); T. 28, U.S.C., § 2461(c))

*A true bill.*

_____
*Foreperson*

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 20* _____

_____
*Clerk*

*Bail, $* _____

_____

*Julia Nestor, Assistant U.S. Attorney (718) 254-6297*